**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| LEONARD THARP<br>302 16th Street NE<br>Canton, Ohio 44714<br><br>   Plaintiff,<br><br>  v.<br><br>H&P CAPITAL, INC. DBA HORIZON<br>CAPITAL PARTNERS<br>1919 Blanding Boulevard, Suite 14<br>Jacksonville, Florida 32210<br><br>   Defendant. | Case No<br><br>JURY DEMAND ENDORSED HEREON<br><br>VERIFIED CIVIL COMPLAINT<br><br>(Unlawful Debt Collection Practices) |

**VERIFIED COMPLAINT**

LEONARD THARP (Plaintiff), by her attorneys, KROHN & MOSS, LTD., alleges the following against H&P CAPITAL, INC. DBA HORIZON CAPITAL PARTNERS (Defendant):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

**JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

3. Because Defendant conducts business in Ohio, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

5. Plaintiff is a natural person who resides in Canton, Stark County, Ohio and is allegedly obligated to pay a debt, and Plaintiff is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

6. Pursuant to the definitions outlined in *15 U.S.C. 1692a(1-6)*, Defendant is a debt collector and sought to collect a consumer debt from Plaintiff which was allegedly due and owing from Plaintiff, and Plaintiff is a consumer debtor.

7. Defendant is a debt collector with an office in Jacksonville, Florida.

8. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

9. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

10. Defendant placed a collection calls to Plaintiff's parents at 330-453-5022 seeking and demanding payment for Plaintiff's alleged debt.

11. Defendant told Plaintiff's parents that Plaintiff stole $6,000.00 from the original creditor and will be criminally charged.

12. Defendant told Plaintiff's parents that if Plaintiff did not call Defendant back, Plaintiff would be in serious trouble, including criminal charges.

13. Defendant calls Plaintiff's parents from 904-418-5001.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

14. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692c(b)* of the FDCPA by communicating with Plaintiff's parents regarding the alleged debt.

    b. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff's parents in connection with the collection of a debt.

    c. Defendant violated *§1692e* of the FDCPA by using false, deceptive, or misleading representation or means in connection with the debt collection.

    d. Defendant violated *§1692e(4)* of the FDCPA by telling Plaintiff's parents that Plaintiff will face criminal charges, and therefore be arrested and put in jail.

    e. Defendant violated *§1692e(5)* of the FDCPA by threatening to press criminal charges against Plaintiff, which cannot legally be taken for failing to pay a consumer debt.

    f. Defendant violated *§1692e(7)* of the FDCPA by informing Plaintiff's parents that Plaintiff had committed a crime in order to disgrace Plaintiff.

    g. Defendant violated *§1692e(10)* of the FDCPA by using false r deceptive means to collect a debt or obtain information about Plaintiff.

WHEREFORE, Plaintiff, LEONARD THARP respectfully requests judgment be entered against Defendant, H&P CAPITAL, INC. DBA HORIZON CAPITAL PARTNERS. for the following:

15. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

16. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

17. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, LEONARD THARP, requests a jury trial in this case.

RESPECTFULLY SUBMITTED,


By:__/s/ Peter Cozmyk_____
      Peter Cozmyk
      Attorney for Plaintiff
      Krohn & Moss, Ltd.
      8043 Corporate Circle, Suite 3
      North Royalton, OH 44133
      phone: (323) 988-2400 x 213
      fax: (866) 799-3206
      e-mail: magruss@consumerlawcenter.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF OHIO

Plaintiff, LEONARD THARP, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, LEONARD THARP, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

9-13-11
Date

LEONARD THARP